# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**TRIBAL SOLUTIONS GROUP, LLC, et al.,**

*Plaintiffs*,

v.   CAUSE NO. 3:23-CV-10-CWR-FKB

**JOSEPH VALANDRA, et al.,**

*Defendants*.

## ORDER

Before the Court is the Plaintiffs' *Motion for Preliminary Injunction*. Docket No. 9. The parties fully briefed the issues and the Court conducted an evidentiary hearing on the motion on February 28, 2023. *See* Docket Nos. 27 (Defendant's Response in Opposition), 30 (Plaintiffs' Reply), and 38 (Official Hearing Transcript). After hearing the evidence, the Court reserved ruling on the motion. Docket No. 38 at 253 (explaining that the Court would "take th[e issue] under advisement"). Having reviewed the evidence, arguments, and applicable law, the Court now concludes that preliminary injunctive relief is not warranted, and that the motion should be denied.

The Plaintiffs, Tribal Solutions Group, LLC ("TSG") and Tribal Communications, LLC ("TC"), are Mississippi-based corporations that provide "a range of services" to tribal communities. Specifically, TSG provides services "that support efforts in healthcare, education, broadband expansion, and economic development," Docket No. 1 at 1-2, while TC is an outgrowth of TSG that prioritizes expanding broadband in tribal communities. *Id*. at 2.

Dan Davis manages and owns the voting shares for both entities. Docket No. 1 at 1; Docket No. 38 at 14–15.

In this case, TSG and TC have sued former TC Senior Vice President Joseph Valandra, former independent contractor Clayton Wooley, former vendor Jase Wilson, and former vendor Michael Faloon, for stealing the Plaintiffs' alleged trade secrets and using them to form a new company, Defendant Tribal Ready, Inc. The Plaintiffs' complaint alleges violations "of the Defend Trade Secrets Act and Mississippi Uniform Trade Secrets Act, breaches of fiduciary duties, violation of the Computer Fraud and Abuse Act, and conspiracy," among other causes of action. Docket No. 1 at 3. They filed the present motion for preliminary injunction to prohibit the Defendants' continued use of their "trade secrets."

The familiar legal standard applies.

> To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.

*Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252–53 (5th Cir. 2009) (quotation marks and citations omitted). Because "[a] preliminary injunction is an 'extraordinary remedy,'" *Texans for Free Enterprise v. Texas Ethics Commission*, 732 F.3d 535, 536 (5th Cir. 2013), it "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Bluefield Water Ass'n*, 577 F.3d at 253. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (citation omitted).

The Court assumes for present purposes that the first, third, and fourth elements of this standard are satisfied. The Plaintiffs are substantially likely to succeed on the merits, as the alleged corporate theft is memorialized by dozens of contemporaneous emails sent via the Plaintiffs' own email servers.[1] The threatened injuries outweigh the threatened harm to the Defendants, and it is in the public interest to discourage theft of potentially proprietary information.

All that said, however, the Plaintiffs have not persuaded the Court that they will suffer irreparable injuries without an injunction. They have an adequate remedy at law: those monetary damages they might prove up during this suit. The possibility that adequate compensatory or other corrective relief will be available later weighs heavily against a claim of irreparable harm. *See Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012).

The Plaintiffs disagree that monetary damages are sufficient to cover their current and projected losses because those losses are not merely financial; they include loss of business opportunities, goodwill, customer relations, and erosion of TC's market position. Docket No. 10 at 31–32. To support their claim, they point the Court to cases holding that "[g]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of goodwill." *Emerald City Mgmt., L.L.C. v. Kahn*, 624 F. App'x 223, 224 (5th Cir. 2015); *see also CyberX Grp. V. Pearson*, No. 3:20-CV-2501-B, 2021 WL 1966813 (N.D. Tex. May 17, 2021). It is true that reputational injury can sometimes be used to establish irreparable harm, but "the showing of

---

[1] Even now, two months after this litigation was commenced, Defendant Tribal Ready's website admits that Defendant Valandra "started this journey at a different company. The transition from there to Tribal Ready is complete." A Letter from Joe Valandra, https://tribalready.com/a-letter-from-joe-valandra (last accessed April 21, 2023). "The overriding reason for the change," he continues, "is that I represent a truly Native-owned, controlled, and governed company, with a deep commitment to our mission." *Id.*

reputational harm must be concrete and corroborated, not merely speculative." *Cothern's Tanker Inspections, LLC v. Griffith*, No. 1:21-CV-98-RP, 2021 WL 5853942, at *3 (W.D. Tex. Dec. 9, 2021); *see also Daniels Health Scis., L.L.C. v. Vascular Health Scis., LLC*, 710 F.3d 579, 585 (5th Cir. 2013) ("[S]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant.").

Here, the Plaintiffs have offered no concrete evidence to substantiate the alleged injury to their reputation or loss of goodwill. Neither the declarations that the Plaintiffs submitted in conjunction with their motion nor the single witness who testified on their behalf at the hearing claimed loss of reputation or goodwill or explained how such losses would result in irreparable harm. Without such evidence, the Plaintiffs' assertions are merely conclusory and speculative, and are insufficient to justify the extraordinary remedy they seek.

The Plaintiffs also attempt to establish irreparable injury by alleging that the amount of their lost profits will be "difficult or impossible to calculate." Docket No. 10 at 31; Docket No. 38 at 224. But saying that the damages would be "difficult to calculate" is not the same as saying that they *cannot* be undone through monetary remedies, which is what the preliminary injunction standard requires. *Melancon*, 703 F.3d at 279. In any event, the Plaintiffs presented no evidence to support the argument that damages would be difficult or impossible to calculate.

The Plaintiffs' reliance on *Jiao v. Xu*, 28 F.4th 591 (5th Cir. 2022) is misplaced for the same reason. In *Jiao*, the Fifth Circuit affirmed its long-standing "exception" to the "no adequate remedy at law" requirement in cases where "the potential economic loss is so great as to threaten the existence of the movant's business." 28 F.4th at 598 (citing *Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1179 (5th Cir. 1989)). In affirming the

district court's grant of a preliminary injunction, the Fifth Circuit relied on the fact that the district court's decision was "supported by the record, including testimony of both fact and expert witnesses." *Id.* The Plaintiffs here have offered no such fact or expert testimony. In fact, each of their invocations of the "loss of business" exception was a pure recitation of law, devoid of any application to the facts or record in this case. *See*, *e.g.*, Docket No. 10 at 31 (citing *Jiao*, but not citing record evidence or applying it to present facts); Docket No. 30 at 1 (citing *Atwood*, but not citing record evidence or applying it to present facts); Docket No. 38 at 214–35 (reciting law, but not referencing any witness testimony). That is not enough to meet the preliminary injunction burden.

Because the Plaintiffs have not shown a substantial threat of irreparable harm, the motion for preliminary injunction is denied.

**SO ORDERED**, this the 21st day of April, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
