**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **TRIBAL SOLUTIONS GROUP, LLC AND TRIBAL COMMUNICATIONS, LLC** | **PLAINTIFFS/COUNTER-DEFENDANTS** |
| **V.** | **CIVIL ACTION NO. <u>3:23-cv-10-CWR-LGI</u>** |
| **JOSEPH VALANDRA; CLAYTON WOOLEY; JASE WILSON; MICHAEL FALOON; READY.NET, INC.; AND TRIBAL READY, INC. N/K/A TRIBAL READY, PBC** | **DEFENDANTS/COUNTER-PLAINTIFF/CROSS-PLAINTIFF** |
| **V.** | |
| **TRIBAL SOLUTIONS GROUP, LLC; TRIBAL COMMUNCATIONS, LLC; DAN C. DAVIS AND TC2, LLC** | **COUNTER DEFENDANTS** |
| *And* | |
| **DAN C. DAVIS** | **COUNTER-PLAINTIFF** |
| **V.** | |
| **JOSEPH VALANDRA; CLAYTON WOOLEY; JASE WILSON; MICHAEL FALOON; READY.NET, INC.; AND TRIBAL READY, INC. N/K/A TRIBAL READY, PBC** | **COUNTER-DEFENDANTS** |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR OMNIBUS MOTION IN LIMINE**

Defendants/Counter-Plaintiffs Joseph Valandra, Clayton Wooley, Jase Wilson, Michael Faloon, Ready.net, Inc., and Tribal Ready, PBC f/k/a Tribal Ready, Inc. (collectively,

"Defendants") submit this Memorandum in Support of their Omnibus Motion in Limine as follows:

## INTRODUCTION[1]

Although Plaintiff Dan C. Davis ("Davis") has an ownership interest in Plaintiffs Tribal Communications, LLC ("TC") and Tribal Solutions Group, LLC ("TSG"), neither of those corporate entities has an ownership interest in the other. They are distinct legal entities with separate legal identities and ownership structures. Throughout the case, however, Plaintiffs have conflated the material elements of their claims by merging TC and TSG into, and referring to them as, one entity. Such conflation creates a high risk of prejudice and jury confusion because the claims asserted by TC and TSG are complex and dependent on separateness of the corporate entities.

For example, claims for breach of fiduciary duty require proof that a specific Defendant owed, and violated, a fiduciary duty to a specific Plaintiff; claims for misappropriation of trade secrets require proof of ownership of each trade secret; and claims for breach of contract are based on different contracts between different parties. These circumstances are ripe for prejudice and jury confusion if Plaintiffs are allowed to conflate the material elements of each claim by referring to themselves as one entity. If allowed, the scope of Defendants' potential liability will increase and the ability of the jury to determine liability on a claim-by-claim basis will be hampered.

To prevent this prejudice and confusion, Plaintiffs should be required to identify themselves in accordance with their legal identities and disallowed from making the false assertions that these entities are in any way legally related.

---

[1] The facts of this case are set forth in further detail in Defendant Ready.net's Memorandum in Support of its Motion for Summary Judgment [Doc. 161].

Additionally, Defendants believe that Plaintiffs will assert and solicit testimony at trial that Defendants "stole their business." Such assertion goes beyond the claims at issue in this case, misstates the evidence, and improperly imputes criminal conduct to Defendants, and, therefore, should be excluded as irrelevant under Federal Rule of Evidence 401. Furthermore, any probative value these statements may provide is far outweighed by the danger of unfair prejudice to Defendants, confusing the issues, and misleading the jury and should, therefore, be excluded under Rule 403.

## LEGAL STANDARD

"The purpose of a motion in limine is not to reiterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Raju v. Murphy*, No. 3:17-CV-357-CWR-LGI, 2022 WL 1608043 at *1 (S.D. Miss. May 21, 2022). The issues and evidence presented herein meet the standard for a proper motion in limine.

## ARGUMENT

**I.  Plaintiffs should be required to honor the legal distinctiveness of TC, TSG, TC2, and other non-party entities.**

Plaintiffs, Counter-Defendant TC2, LLC ("TC2"), and various non-party corporate entities share a common thread: Plaintiff Dan Davis holds some portion of their equity interests. However, other than with respect to ownership in TC by TC2, there is no legal relationship between TSG, TC, or the other entities related to this case, including *any* ownership in each other. *See* Ex. A, Davis Dep. at 69:8-13; Ex. "B," Amended and Restated Operating Agreement of TC, Sch. B (ownership of TC); Ex. "C," Limited Liability Company Agreement of TSG, at 1 (Mr. Davis as sole member of TSG).

3

Further, the entities have no contractual relationships with one another. *See* Ex. "A,: Davis Dep. at 69:14-18. They are separate and distinct entities with unique ownership and management structures. *See id.* at 20:7-34:4 (discussing ownership and management structures of TSG, Watmind USA, Tribal Solutions Medical, and Tribal Solutions Buying Group), 36:10-37:23 (TC2), 43:23-47:3 (TC).

Despite this legal distinctiveness, throughout this case, Plaintiffs have characterized and represented TC, TSG, TC2, and other entities as a single enterprise, in particular, that TC is a subsidiary of, or otherwise one and the same with, TSG. *See* Ex. "D," Hearing on Prelim. Injunction Tr. at 11:11-12:3 (Mr. Davis testifying that there are several business "under", including Southern Research Group), 19:17-20:4 (Plaintiffs' counsel using the word "company" to refer to multiple entities and Mr. Davis stating all entities are under the same "umbrella"); [Doc. 162], Mem. in Support of Mot. to Exclude In Part Defendants' Expert Sean Sarsfield at 2 (asserting Defendants usurped an opportunity belonging to the collective "TC Parties"); [Doc. 151], Mem. of in Support of TC Parties' Opposition to Mot. for Summary Judgment on Counterclaims at 1 (describing TC as an "outgrowth" of TSG); [Doc. 57], Am. Compl. at ¶ 3 (same).

Treating TC, TSG, and other entities Dan Davis has an ownership interest in as a single enterprise not only lacks foundation but, if permitted at trial, will confuse and mislead the jury, resulting in substantial and unfair prejudice to Defendants. In particular, heaping various persons together blurs the lines between which individual or entity a specific Defendant owed a contractual, fiduciary, or other legal duty, and which person's rights were allegedly violated, and how.

Take, for instance, Plaintiffs' fiduciary claims. Assuming for the sake of illustration that TC establishes Mr. Valandra owed fiduciary duties to TC. This does not mean that Mr. Valandra likewise owed fiduciary duties to TSG, Mr. Davis, or any other applicable entity or individual.

4

Rather, each Plaintiff bears the "burden of providing the existence of a fiduciary duty by clear and convincing evidence." *Saucier v. Peoples Bank of Biloxi*, 150 So. 3d 719, 725 (Miss. Ct. App. 2014).

Testimony and arguments that Mr. Valandra undertook various actions affecting the collective "TC Parties" or "Plaintiffs" would fail to specify whether Mr. Valandra's conduct violated a duty *owed to TC*. That is, Plaintiffs could effectively use conduct wholly innocent with respect to TC to establish a "breach" of fiduciary duties that are, in reality, based on a non-existent fiduciary relationship with TSG or some other person. Even with a limiting instruction, the jury would be left required to speculatively decipher the evidence, attempting to discern which conduct concerning the "TC Parties" or "Plaintiffs" is relevant to this hypothetical duty owed specifically to TC.

Similarly, Plaintiffs' claims under the Defend Trade Secrets Act require a showing of ownership. *See* 18 U.S.C. § 1836(b)(1). Treating Plaintiffs as a single enterprise, in effect, would fundamentally alter their burden of proof by requiring only one of them to establish ownership. And, again, even with a limiting instruction, the jury would be required to attempt to decipher ambiguous evidence.

Plaintiffs and any other relevant entities are separate legal beings. Each Plaintiff bears the burden of proving each element of their claims. Treating them as one risks their being able to comingle their claims, "borrowing" facts which may establish an element solely for one Plaintiff (or even a non-party entity) in order to establish that element for all Plaintiffs. This Court should preclude any arguments, testimony, questioning, or remarks characterizing Plaintiffs as a single entity or enterprise. *See In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 335-36 (5th Cir. 2007) (in affirming exclusion of evidence that three entities "constituted a single business enterprise,"

providing that, in the absence of facts supporting piercing the corporate veil, "we decline to implement such an extraordinary disregard of the separate legal personalities of corporate and juridical entities in this case").

## II. Arguments that Defendants "stole" Plaintiffs' "business" are inflammatory and not probative.

Arguments or testimony that Defendants "stole" Plaintiffs' "business" are beyond the claims at issue in this case. Furthermore, they are unsupported by evidence. Consequently, they will not help the jury determine any fact of consequence, and any slight probative value such inflammatory statements may have is substantially outweighed by the risk of unfair prejudice, confusing the issues, and misleading the jury.

Relevant here, Plaintiffs claim that Defendants (1) usurped a *new opportunity* belonging to TC; and (2) misappropriated certain specific purported "trade secrets" or other proprietary information of TC and/or TSG. *See generally* [Doc. 57], Am. Compl., at ¶¶ 88-171; Ex. "E," Pls.' Supp. Resp. to First Set of Interrogs. at pp. 3-7.

Plaintiffs' claims do not require a finding that Defendants "stole" the generic "business" of the collective Plaintiffs. Moreover, such an assertion was negated by TC itself in its Rule 30(b)(6) deposition, explaining that TC can, and still is, pursuing broadband work. *See* Ex. "F," TC 30(b)(6) Dep. at 85:9-86:16; [Doc. 167], at 10-11.

Allowing arguments, testimony, or questioning to this effect, thus, not only provides little to no probative value, but risks confusing and misleading the jury as to what Plaintiffs claim Defendants misappropriated, and from whom. *See Bright Data Ltd. v. Teso LT, UAB*, No. 2:19-CV-00395-JRG, 2021 WL 6333025, at *2 (E.D. Tex. Nov. 5, 2021) ("Such evidence is not relevant to any live issue in the case . . . ."); *see also BakeMark USA, LLC v. Navarro*, No. LA CV21-02499

JAK (AGRX), 2024 WL 3888239, at *2 (C.D. Cal. May 6, 2024) (excluding evidence or arguments beyond the scope of the claims at issue).

Further, Plaintiffs' claims do not require a showing of "theft." Therefore, remarks that Defendants "stole" Plaintiffs' business are unnecessary, pejorative, inflammatory, call for legal conclusions, and present substantial risk of prejudicing the jury. Courts regularly preclude the use of such phrases. *See Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-00201-JRG, 2017 WL 2773944, at *2 (E.D. Tex. May 26, 2017) (excluding use of terms "steal" or "stole" at trial); *see also Crabar/Gbf, Inc. v. Wright*, No. 8:16-CV-537, 2023 WL 2584414, at *1 (D. Neb. Mar. 21, 2023) ("However, this Court will not allow the words 'stole,' 'looted,' 'ripped off,' 'robbed,' 'pilfered,' or similar loaded language in opening statements, questions, witness answers, closing statements, or otherwise throughout trial."); *Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 302 F. Supp. 3d 325, 329 (D.D.C. 2018) ("The Court shall grant Defendants' Motion in Limine No. 5, with regard to prohibiting the use of the word 'stolen' when discussing the documents taken by Chris Gaubatz, because this term involves a legal conclusion and its use is prejudicial to the Defendants."); *Deflecto, LLC v. Dundas *Jafine Inc.*, No. 13-0116-CV-W-ODS, 2015 WL 9413148, at *1 (W.D. Mo. Dec. 22, 2015) (excluding use of "stole" or other inflammatory or pejorative terms by all lawyers and witnesses); *Plew v. Ltd. Brands, Inc.*, No. 08 CIV. 3741 LTS MHD, 2012 WL 379933, at *2 (S.D.N.Y. Feb. 6, 2012) ("The Court agrees that characterizing Victoria's Secret Actions as 'stealing' risks prejudicing the jury and will not aid in its finding of facts."); *Richards Mfg. Co. v. Thomas & Betts Corp.*, No. CIV. 01-4677, 2005 WL 6043427, at *2 (D.N.J. Oct. 31, 2005) (excluding pejorative terms including "thief," "steal," or "stole").[2]

---

[2] *See Ramachandran v. City of Los Altos*, No. 18-CV-01223-VKD, 2022 WL 316679, at *3 (N.D. Cal. Feb. 2, 2022) ("The use of such terms has no probative value in the case, and the Court is persuaded that these terms suggest not

Defendants are not legally precluded to engage in the tribal telecommunications business. However, labeling Defendants' alleged conduct as "stealing" the generic "business" of the collective "Plaintiffs" proposes that they are. Plaintiffs should be limited to arguments, questioning, and testimony concerning Defendants' conduct that purportedly constitutes misappropriation of the specific property or opportunities at issue. The jury should determine what characterizations to draw from that conduct.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court preclude Plaintiffs and their witnesses from (1) characterizing Plaintiffs (and any other relevant entities) as a single enterprise or a collective being; and (2) remarking that Defendants "stole" Plaintiffs' "business," or using similar phrases to that effect.

This the 10th day of January, 2025.

        DEFENDANTS/COUNTER-PLAINTIFFS
        JOSEPH VALANDRA, CLAYTON WOOLEY, JASE WILSON, MICHAEL FALOON, READY.NET, INC. AND TRIBAL READY, INC. n/k/a TRIBAL READY, PBC

BY:    /s/ Samuel D. Gregory

       SAMUEL D. GREGORY (MSB No. 104563)

OF COUNSEL:

TIMOTHY M. THREADGILL (MSB #8886)

---

only criminal conduct but also theories of civil liability that are not at issue in the case."); *Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH, 2015 WL 5089779, at *2 (D. Nev. Aug. 27, 2015) (in granting motion in limine regarding remarks or arguments that defendants "stole" or "ripped off" plaintiff's intellectual property, providing "by using terms that denote criminal behavior with the extremely limited value to Oracle of using this language to define defendants' conduct, the court concludes that use of the words 'theft' or 'stealing'-or similar rhetoric that identifies defendants' conduct as criminal-would be inflammatory and unfairly prejudicial to defendants"); *see also Mountain Mech. Contractors, Inc. v. BES Design/Build, LLC*, No. 5:20-CV-05141-TLB, 2023 WL 344425, at *1 (W.D. Ark. Jan. 20, 2023).

ROBERT V. GREENLEE (MSB #100638)
SAMUEL D. GREGORY (MSB #104563)
ANTHONY G. MANSOOR, III (MSB #106494)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Post Office Box 6010
Ridgeland, MS 39158-6010
Tel:  (601) 948-5711
Fax: (601) 985-4500
Email: tim.threadgill@butlersnow.com
Email: robbie.greenlee@butlersnow.com
Email: sam.gregory@butlersnow.com
Email: brie.mansoor@butlersnow.com

**CERTIFICATE OF SERVICE**

I, Samuel D. Gregory, one of the attorneys for the Defendants, do hereby certify that I electronically filed the above and foregoing document with the Clerk of the court using the Court's ECF system, which sent notification of such filing to all registered counsel.

This the 10th day of January, 2025.

*/s/ Samuel D. Gregory*
SAMUEL D. GREGORY