IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TRIBAL SOLUTIONS GROUP, LLC AND**                                             **PLAINTIFFS**
**TRIBAL COMMUNICATIONS, LLC**

v.                                   **CIVIL ACTION NO. 3:23-cv-00010-CWR-LGI**

**JOSEPH VALANDRA; CLAYTON WOOLEY;**
**JASE WILSON; MICHAEL FALOON;**
**READY.NET, INC.; AND TRIBAL READY, INC.**                         **DEFENDANTS/**
**N/K/A TRIBAL READY, PBC**                                            **COUNTER-PLAINTIFFS**

v.

**TRIBAL SOLUTIONS GROUP, LLC;**
**TRIBAL COMMUNICATIONS, LLC;**
**DAN C. DAVIS AND TC2, LLC**                                             **COUNTER-DEFENDANTS**

**and**

**DAN C. DAVIS**                                                            **COUNTER-PLAINTIFF**

v.

**JOSEPH VALANDRA; CLAYTON WOOLEY;**
**JASE WILSON; MICHAEL FALOON;**
**READY.NET, INC.; AND TRIBAL READY, INC.**
**N/K/A TRIBAL READY, PBC**                                             **COUNTER-DEFENDANTS**

## ORDER

This matter is before the Court on Defendants' *Motion for Extension of Pleading Amendment Deadline and for Leave to File Amended Answer and Defenses, Counterclaims, and Crossclaims* [101]. The Court, having considered the submissions, the record and the law, GRANTS IN PART AND DENIES IN PART Defendant's motion to amend, as discussed below.

     **I.**     **RELEVANT PROCEDURAL HISTORY**

On January 6, 2023, Plaintiffs filed the instant action, alleging that Defendants misappropriated Plaintiffs' trade secrets and confidential proprietary information and breached fiduciary duties owed in order to form a new business entity using Plaintiffs' customers and

business relations. *See* Complaint, Doc. [1]. On February 6, 2023, Defendants filed an Answer [22] to the Complaint. On May 17, 2023, the Court entered a Case Management Order [48], setting the deadline to file motions for amended pleadings and/or to join additional parties by August 18, 2023. On August 24, 2023, Plaintiffs filed an Amended Complaint [57], adding a new defendant (Ready.net) and additional claims. On September 1, 2023, Defendants filed their Answer, Affirmative Defenses, Counterclaim and Third Party Claims [59] to the Amended Complaint; *see also* Plaintiffs, TC2, LLC, and Dan C. Davis's Answer [62] to Defendants' Answer to the Amended Complaint and Amended Answer to Amended Complaint [63], filed September 22, 2023 and September 26, 2023, respectively; and Defendants' Answer [64] to Third Party Complaint, Answer to Counterclaim and Dan C. Davis's Counterclaim [63], filed October 3, 2023.

On June 24, 2024, Defendants filed the instant motion, seeking leave to amend their answer to assert an affirmative defense and additional counterclaims. *See* Docs. [102], [103]. Plaintiffs file a response in opposition. Doc. [112]. Defendants file a Reply [127] and also file a second motion, re-urging their initial motion to amend. *See* Re-urged Motion for Extension of Pleading Amendment Deadline, Doc. [148].[1]

## II. STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court" and that "leave shall be freely given when justice so requires." However, leave to amend is not automatic. *Bloom v. Bexar Cty.*, 130 F.3d 722, 727 (5th Cir. 1997). The decision whether to grant or deny leave is

---

[1] On September 26, 2024, the Court, upon review of the re-urged motion [148], entered an order deferring ruling on [148]. The Court noted, "it appears no new substantive arguments/issues have been raised in the instant re-urged [148] Motion. Thus, the Court finds it unnecessary for the parties to file responses to the instant motion. . . A ruling on the pending [101], [148] Motions shall issue in due course." *See* Text-only Order, dated 09/26/2024.

2

within the sound discretion of the district court. *Id.*; *see also Halbert v. Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The factors to be considered by the court in exercising its discretion include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment." *Gregory v. Mitchell*, 634 F.2d 199, 203 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

However, when seeking to amend pleadings after a scheduling order's deadline to amend has expired, a more stringent standard applies. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." *Hinkle Metals & Supply Co. v. Compton's Appliance, Inc.*, No. 1:12CV17-HSO-RHW, 2012 WL 12965936, at *1 (S.D. Miss. June 21, 2012) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The good cause standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *See Southwestern Bell Tele. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003) (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). A court may extend time "for good cause" and "on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Moreover, "[w]hile leave to amend must be freely given, that generous standard is tempered by the necessary power of the district court to manage a case." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992) (quoting *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)). "An amendment that a party raises late in the pre-trial life of a lawsuit has a significant tendency to disrupt trial proceedings." *Id.* at 846. Thus, " '[w]here ... considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the

burden of showing some 'valid reason for his neglect and delay.'" *Grant v. News Group Boston, Inc.*, 55 F.3d 1, 6 (1st Cir. 1995) (quoting *Stepanischen v. Merchants Despatch Transp.Corp.*, 722 F.2d 922, 933 (1st Cir. 1983)) (emphasis in original). *See also Little*, 952 F.2d at 846 (holding that "if the delay in filing a motion for leave to amend is particularly egregious, the burden shifts to the moving party to demonstrate that the delay was 'due to oversight, inadvertence or excusable neglect.'") (citing *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981)). "A litigant's failure to assert a claim as soon as he could have is properly a factor to be considered in deciding whether to grant leave to amend." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003) (citing *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982)).

### III. ARGUMENT

Defendants seek to amend "their Answer to assert an affirmative defense related to Plaintiffs' failure to mitigate damages and to assert two additional counterclaims related to Tribal Communications failure to pay Ready.net amounts owed pursuant to a Subscription Agreement." Doc. [102] at 3. Defendants acknowledge that the deadline to amend pleadings has expired, but they assert good cause exists to allow the requested amendments. They explain that the failure to amend is justified, because they "only recently learned" that Plaintiffs have ceased the business operations of Tribal Communications. *Id.* at 2-3. They also believe the amendment is "highly important to the broader litigation[,]" as they claim their counterproof and counterclaims would conserve resources and avoid a second lawsuit. *Id.* at 4. Defendants also argue neither party will be prejudiced by the amendment, as "there is ample time for parties to conduct additional discovery and 30(b)(6) depositions." *Id.* Rather, they assert if the amendment is not allowed, they will lose the ability to put on a complete defense, and Ready.net will be forced to pursue a parallel lawsuit against Tribal Communications. *Id.* Finally, Defendants are doubtful the amendment would result

4

in prejudice; however, they assert any prejudice could be cured by a short extension of the discovery deadline. *Id.* at 5.

Plaintiffs oppose the motion, as they contend there is no good cause for Defendants' failure to comply with the governing scheduling order. Doc. [113] at 1-2. Plaintiffs argue Defendants have not shown they exercised diligence, yet were unable to meet the deadline to amend pleadings. *Id.* at 4. Additionally, Plaintiffs argue that the two new claims proposed by Defendants could have been asserted by the Court's deadline for motions to amend pleadings – August 18, 2023. *Id.* As to the claim that Tribal Communications failed to pay the monthly fee under the subscription agreement, entered into on June 30, 2022, Plaintiffs assert Tribal Communication *never* paid the monthly fee. *Id.* Therefore, Plaintiffs argue Defendants were aware of non-payment all along and could have raised the proposed claims at earlier intervals in this litigation.[2] *Id.* at 5. Rather, Plaintiffs note that Defendants waited nearly two years after non-payment to add the claims to this litigation. *Id.* Plaintiffs urge this Court to deny the request to add the new claims. They also argue the new claims raise facts and theories and a separate contract that are not part of the instant litigation. *Id.* at 5. Further, they contend allowing the new claims will require additional discovery, which is prejudicial. *Id.* at 5-6. Thus, they ask that this Court deny Defendants' motion, as dilatory. *Id.* at 6.

Further, Plaintiffs urge this Court to deny leave to amend under the counts asserted – breach of the subscription agreement and breach of the covenant of good faith and fair dealing – because the new claims would not survive a motion to dismiss and are therefore futile. *Id.* at 6. Plaintiffs

---

[2] Plaintiffs suggest the new claims could have been raised in: 1) the Defendants' original answer to the complaint on February 6, 2023, 2) by the deadline to amend pleadings on August 18, 2023, 3) when Defendants filed their answer to the first amended complaint and added counterclaims and additional parties, on September 1, 2023, or 4) when Defendants filed their answer to the counterclaim of Dan Davis, on October 3, 2023. *Id.* at 5.

argue that the actions of Defendants Ready.net, Wilson and Faloon in secretly conspiring with Defendants Valandra and Wooley against Plaintiff Tribal Communications were unforeseeable by Tribal Communications and also went against the understanding of the subject subscription agreement. *Id.* at 6-7. Therefore, they contend the Defendants' actions discharged any obligation of Tribal Communications under the subscription agreement, and the requested amendment would be futile. *Id.* at 7.[3]

In their Reply [127],[4] Defendants first point out that Plaintiffs failed to respond to their request for leave to amend their answer to assert an additional affirmative defense. Thus, they aver this portion of their motion is conceded. *Id.* at 2. As to Defendant Ready.net's request for leave to amend to assert two new counterclaims, Defendants argue Ready.net was not added as a party until after the deadline to amend the pleadings, when Plaintiffs filed their first amended complaint on August 24, 2023. *Id.* at 3. Thus, they say "it was literally impossible for Ready.net to meet the existing . . . deadline [August 18, 2023]." *Id.* at 3. They assert good cause is therefore established under Rule 16(b)(4). *Id.* Further, Defendants claim when they learned during the course of discovery that Plaintiffs were not making payments under the subject subscription agreement, they demanded payment. *Id.* Now that they know Tribal Communications failed to pay, Defendants seek leave to assert two counterclaims for nonpayment. *Id.* They argue the counterclaims are

---

[3] Citing to *White Hawk Ranch, Ltd. v. Hopkins*, Civil Action No. 1:91cv29-D-D, 1998 U.S. Dist. LEXIS 2651, at *9 (N.D. Miss. Feb. 12, 1998) (quoting 17A Am. Jur. 2d Contracts § 701) ("[A] party may not insist on the performance of a contract or a provision thereof where he himself is guilty of a material or substantial breach of that contract or provision. The party first committing a substantial breach of a contract cannot maintain an action against the other contracting party for a subsequent failure to perform if the promises are dependent."). *Id.* at 7.

[4] On September 26, 2024, Defendants filed their Re-urged Motion for Extension of Pleading Amendment Deadline and for Leave to File Amended Answer and Defenses, Counterclaims and Crossclaims [148], pursuant to Local Uniform Civil Rule 7(b)(4) ("A pending nondispositive motion not reurged after discovery has been concluded and before the motion deadline, may be deemed moot and denied by operation of this rule.") L.U.Civ.R. 7(b)(4).

6

indeed related to the instant litigation, and that the parties have known these new claims are at is issue since around April 19, 2024, as the subscription agreement "has come up in almost every deposition taken since then." *Id.* Defendants maintain that the counterclaims will not prejudice Plaintiffs, because additional discovery can be conducted on these issues. They also challenge contentions that the proposed amendment is futile. *Id.* at 4. They contend they have satisfied the liberal amendment standard under Rule 15. *Id.* at 4-6.

## IV. <u>ANALYSIS</u>

Defendants' Motion [101] must be analyzed at the intersection of Federal Rules of Civil Procedure 15 and 16. "The court should freely give leave when justice so requires," with certain exceptions. *Little*, 952 F.2d at 846. Because the Motion [101] was filed after the deadline for amending the pleadings or joining parties, the more stringent standard of Fed. R. Civ. P. 16(b)(4), rather than the liberal standard of Fed. R. Civ. P. 15(a) applies to the instant motion. *S & W Enterprises, LLC v. Southtrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (court of appeals "ma[d]e [it] clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired). "In determining whether good cause exists to amend the pleadings, 'this Court has broad discretion to preserve the integrity and purpose of the pretrial order.'" *Dawson v. Brumfield*, No. 522CV00022DCBBWR, 2024 WL 1861031, at *2 (S.D. Miss. Feb. 28, 2024) (citing *Warren Cnty.*, 2011 WL 6092450, at *2 (quoting *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 348 (5th Cir. 2008)). Here, Defendants seek leave to amend their answer to assert a new affirmative defense and two new counterclaims.

As an initial matter, the Court finds that the portion of the motion seeking leave to assert a new affirmative defense is conceded, as Plaintiffs did not respond to Defendants' arguments, contest the request for leave to amend as to this issue or even attempt to contradict Defendants'

7

justification for the requested amendment. Local Uniform Civil Rule 7 provides that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U.Civ.R. 7(b)(3)(E). Here, Defendants have properly asserted, "having failed to respond, Plaintiffs have conceded that Defendants should be allowed to assert this additional affirmative defense." Doc. [127] (quoting *Taylor v. Greenville Pub. Sch. Dist.*, No. 4:18-CV-093 MPM-JMV, 2019 WL 2995918, at *1 (N.D. Miss. July 9, 2019) ("Defendants argue, and this court agrees, that to the extent that plaintiff failed to address the arguments which they raised in their briefing, those arguments are properly considered to be conceded.")). Therefore, Defendants motion to amend to add an affirmative defense related to allegations that Plaintiffs failed to mitigate damages is hereby GRANTED and shall not be evaluated further. Defendants are ordered to amend their Answer to include the requested affirmative defense, within seven (7) days of this order.

As to Defendants' request for leave to amend to assert two new counterclaims, Defendants argue good cause exists for the amendment sought. "Good cause showings are evaluated using four factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enter., LLC v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). As to the first factor, Defendants claim they failed to timely amend as they only recently learned that Plaintiffs ceased the business operations of Tribal Communications. They also argue it was impossible to assert new counterclaims by the deadline, because Ready.net was not added as party until after the amendment deadline had passed. But, Plaintiffs claim Defendants fail to demonstrate they were diligent in trying to meet the amendment deadline, as they argue the new counterclaims could have been asserted sooner. Indeed, the present

motion was untimely filed on June 24, 2024. While the motion is untimely, the Court recognizes that it was impossible for Defendant Ready.net to comply with the Court's pleading amendment deadline of August 18, 2023, as this Defendant was added as a party on August 24, 2023 – *after the deadline*. *See* Doc. [57], Amended Complaint; *see also* Doc. [58], Summons issued to Ready.net; Doc. [60], Proof of Service to Ready.net. However, once Defendant Ready.net was added, Defendants promptly filed their Answer to the Amended Complaint, a Third-Party Complaint and Counterclaims against Plaintiffs, on September 1, 2023. Doc. [59].

A thorough review of both the initial and amended complaints and all subsequent answers evinces that all parties had knowledge of the subscription contract long before the action was filed. Plaintiffs raised the following allegations in their complaints [1] and [57], and Defendants responded accordingly in their answers [22] and [59]:

> 5. In June 2022, TC entered into a relationship with Ready.net, Inc. ("Ready.net") to provide software products in conjunction with the provision of internet services to the various tribes. Wilson is the CEO of Ready.net and Faloon is the COO of Ready.net. Because of their positions at Ready.net, Wilson and Faloon had access to TC's proprietary customer and financial information.

Complaint, Doc. [1] at 2, ¶5. In their Answer, Defendants stated,

> 5. Defendants admit that TC entered into an Enterprise SAAS Subscription Agreement with Ready.net on June 30, 2022. Defendants further admit that Defendant Wilson is the CEO of Ready.net and Defendant Faloon is the COO of Ready.net. Defendants deny the remaining allegations in Paragraph 5.

Answer, Doc. [22] at 2, ¶5. In their Amended Complaint [57], Plaintiffs alleged,

> 5. On June 23, 2022, TC entered into a Reciprocal Non-Disclosure & Confidentiality Agreement with Ready.net and on June 30, 2022, entered into a contract for Ready.net to provide software products in conjunction with the provision of internet services to the various tribes. Wilson is the CEO of Ready.net and Faloon is the COO of Ready.net. Because of their positions at Ready.net,

9

> Wilson and Faloon had access to TC's proprietary customer and financial information.

Amended Complaint, Doc. [57] at 2, ¶5. Again, Defendants, including Ready.net, answer as follows:

> 5. Defendants admit that TC entered into an Enterprise SAAS Subscription Agreement with Ready.net on June 30, 2022. Defendants further admit that Defendant Wilson is the CEO of Ready.net and Defendant Faloon is the COO of Ready.net. Defendants deny the remaining allegations in Paragraph 5."

Doc. [59] at 2, ¶5.

It is important to note that although Ready.net was not joined as a defendant until after the deadline, the subject subscription agreement, entered into in June 2022, has been repeatedly referenced since the initiation of this litigation. Further, and quite telling, although Ready.net was not joined until sometime later, the company's CEO and COO, Wilson and Faloon, were named as Defendants at the outset of the lawsuit. Plaintiffs argue the counterclaims regarding breach of contract based on non-payment are hollow, because these Defendants were aware that Tribal Communications made no payments between June 2022 and the time of the instant motion. This certainly indicates that the two counterclaims proposed by Defendants could have been raised much earlier in this lawsuit, as this information has not recently developed. Further, Defendants filed counterclaims against Plaintiffs on September 26, 2023, but waited nearly nine (9) months to file the instant motion based on information that existed before the action was ever filed. Defendants have not shown that they were diligent in pressing the proposed claims. This factor weighs against the proposed amendment to add two new counterclaims.

The second factor inquires whether the amendment is important to the broader litigation. "Courts deem amendments to be important where they potentially provide additional grounds for a party to avoid liability or directly affect a party's prospects of ultimate success." *Harrison v.*

10

*Aztec Well Servicing Co., Inc.,* No. 1:20-cv-00038-H, 2021 WL 5280956, at *4 (N.D. Tex. Nov. 12, 2021). Defendants argue the amendment is important, because it will allow for the conservation of resources and avoid a second lawsuit. Plaintiffs argue the new counterclaims will raise facts and theories and a separate contract that are not a part of the current litigation. Defendants acknowledge that the proposed counterclaims could be pursued in a separate lawsuit, but they do not argue that the counterclaims are compulsory, pursuant to Rule 13(a). Even if Defendants succeed on the proposed counterclaims, the alleged breaches related to Tribal Communications failure to pay do not provide Defendant relief from the unrelated counts raised in Plaintiffs' complaint. Thus, succeeding on the new counterclaims would not be dispositive. This factor weighs against the amendment.

The third factor seeks to determine whether allowing a late amendment will prejudice the nonmovant. Here, Defendants assert they would be prejudiced, if the amendment is not allowed, because they would be forced to pursue a parallel lawsuit against Tribal Communications. On the other hand, Plaintiffs urge against the amendment, as they contend the counterclaims will bring new facts and theories that will require additional discovery and depositions, which they say is prejudicial to them. At the time of the motion, litigation was ongoing for approximately one and a half years, and since the time of the motion, this case has continued to progress towards trial. Parties have filed dispositive motions and are currently filing motions in limine. "Allowing Defendants to amend their answer at this late stage of the litigation to assert . . . brand new affirmative defenses [and new counterclaims] unquestionably prejudices Plaintiff[s], as it would, in essence, restart the lawsuit for amended pleadings, discovery, and motions." *Dawson*, 2024 WL 1861031, at *3 (quoting *Brinkley*, 2023 WL 2586307, at *3) (alterations omitted); *see also Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (noting that an

11

amendment that "would fundamentally alter the nature of the case" may be denied). This factor weighs against granting leave to amend.

The fourth factor seeks to determine whether a continuance would cure any prejudice to Plaintiffs if the late amendment is allowed. Plaintiffs argue the amendment would indeed require additional discovery, which they contend is prejudicial. Since the current trial date has been terminated, this factor weighs in favor of granting leave to amend. The Court notes that, while the pretrial and trial dates are currently terminated and will be re-set following briefing on motions in limine[5], requiring Plaintiffs to participate in discovery on two new counterclaims would undoubtedly result in delay and additional cost. *Id.* Moreover, permitting additional discovery foreshadows the need for additional motion practice, resulting from the amendment.

Finally, Plaintiffs urge denial of the motion, based on their belief that the proposed counterclaims would not survive a motion to dismiss and are therefore futile. When deciding a motion to amend under Rule 15(a), the Court considers various factors, including . . . 5) futility of amendment." *Ferrara Land Mgmt. Mississippi, LLC v. Landmark Am. Ins. Co.*, No. 1:19-CV-956-HSO-JCG, 2020 WL 12655619, at *2 (S.D. Miss. June 11, 2020). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Production Co.*, 234 F.3d 863, 872–873 (5th Cir. 2004). In the context of amended pleadings, futility means that "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* at 873. To determine whether an amended pleading is futile, courts must apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* (internal citations omitted). Therefore, we must ask whether in the light most favorable to the nonmoving party and with every doubt resolved in

---

[5]   *See* Agreed Order Setting Motion *in Limine* Deadlines, Doc. [209]; *see also* docket entry, dated 12/23/2024 ("Deadlines/hearings terminated. Pretrial Conference terminated pursuant to Status Conference held on 12/17/24") and docket entry, dated 1/30/2025 ("Deadline/hearings terminated. Jury trial continued").

her behalf, if the complaint states any valid claim for relief. *Id.* The court "may not dismiss a complaint under [R]ule 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal citations omitted). *Pruco Life Ins. Co. v. Killingsworth*, No. 5:19-CV-55-DCB-MTP, 2019 WL 6331360, at *2 (S.D. Miss. Nov. 26, 2019).

Defendants claim through discovery they learned Plaintiffs were not making payments under the subject subscription agreement, and they have moved to amend pleadings to pursue Plaintiffs for nonpayment. Plaintiffs contend the claims would not survive a motion to dismiss, because the Defendants' actions to conspire with one another against Plaintiff Tribal Communications were unforeseeable by Tribal Communications and were outside the subject subscription agreement. Upon review of Defendants' proposed amended Answer, setting forth the counterclaims – Count II – Breach of Contract and Count III – Breach of Covenant of Good Faith and Fair Dealing – the undersigned finds that the claims appear justiciable on their face and are therefore not clearly futile. Doc. [101-1] at 44-45, Exhibit A to Defendants' Amended Answer and Affirmative Defenses, Counterclaim and Crossclaim. Under a 12(b)(6) analysis, a court may only consider the pleading and any attachments to it. *Travis v. Irby*, 326 F.3d 644-48 (5th Cir. 2003). "Accordingly, in analyzing [Defendants'] motion to amend, the Magistrate [i]s bound to consider only the factual allegations found in the proposed amendments." *Smith v. Union Nat'l Life Ins. Co.*, No. 1:15-CV-9-KS-RHW, 2016 WL 7665910, at *1 (S.D. Miss. Feb. 24, 2016) (finding "it therefore cannot be error that [the magistrate judge] failed to consider exhibits plaintiff presented in opposition to the amendment, and plaintiffs objection on this issue will be denied.").

Having considered this factor, the record before the Court, and the standards of Rule 16(b) and Rule 15(a), the Court finds that this factor favors amendment.

## V.    **CONCLUSION**

The Court finds that Defendants' motion to amend to add an affirmative defense is conceded and is therefore GRANTED. Defendants are ordered to amend their Answer to include the requested affirmative defense, within seven (7) days of this order, by February 6, 2025. As to the motion to amend to add two new counterclaims, this Court is not persuaded that Defendants have met their burden for the requested amendment. For the reasons set forth above, the Court exercises its broad discretion and denies Defendants' request for leave to add two new counterclaims.[6]

IT IS THEREFORE ORDERED that Defendants' *Motion for Extension of Pleading Amendment Deadline and for Leave to File Amended Answer and Defenses, Counterclaims, and Crossclaims* [101] is hereby GRANTED IN PART AND DENIED IN PART. It follows that Defendant's Re-urged Motion for Extension of Pleading Amendment Deadline [148] is also GRANTED IN PART AND DENIED IN PART, in light of the Court's ruling on [101].

**SO ORDERED** this the 30th day of January, 2025.

                                                   /s/LaKeysha Greer Isaac
                                                 UNITED STATES MAGISTRATE JUDGE

---

[6] *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012) (affirming denial of motion for leave to amend answer).