# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **TRIBAL SOLUTIONS GROUP, LLC,** *et al.*, | |
| *Plaintiffs,* | |
| v. | CAUSE NO. 3:23-CV-10-CWR-LGI |
| **JOSEPH VALANDRA,** *et al.*, | |
| *Defendants.* | |

## ORDER

Tribal Solutions Group, LLC, Tribal Communications, LLC, Dan C. Davis, and TC2, LLC (the "TC Parties") filed an omnibus motion in limine. Docket No. 211. The Court previously granted in part, denied in part, and deferred in part the requests in that motion. Docket No. 237. The Court held a hearing on this matter on October 20, 2025. For the reasons discussed during the hearing and those included below the Court grants in part and denies in part the TC Parties' motion.

In its prior Order, the Court deferred ruling on three of the TC Parties' requests for exclusion. The surviving requests seek to exclude evidence or mention of (1) compliance with corporate operating agreements; (2) which side of this dispute would be "better for Indian Country"; and (3) whether Tribal Communications is "Native-owned and controlled."

The first issue concerns Dan Davis's failure to appoint a Board for Tribal Communications and obtain approval from that Board to file and maintain this lawsuit. During the hearing, the TC Parties represented, and no party contested, that Mr. Davis has since appointed a Board for Tribal Communications, and that Board has ratified Mr. Davis's

1

decision to file and maintain this suit. Further, as discussed during the hearing, this fact bears no relation to any element of any claim, defense, or counterclaim remaining in this suit. This portion of the TC Parties' motion is granted.

With respect to the second and third surviving requests, the Court noted in its prior Order that it "may not be possible to eliminate references to 'Native-owned' at this trial, and what is 'better for Indian Country' is inherently subjective, but the jury must (of course) treat all parties fairly without regard to race, ethnicity, color, or Tribal status." Docket No. 237 at 2-3. Following argument, the Court's position on these requests remains unchanged. If a limiting instruction would assist the jury in focusing on the parties' business dispute rather than their immutable characteristics, the parties should be prepared to offer one. This portion of the TC Parties' motion is denied.

**SO ORDERED**, this the 28th day of October 2025.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
