# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **TRIBAL SOLUTIONS GROUP, LLC,** *et al.*, | |
| *Plaintiffs,* | |
| v. | CAUSE NO. 3:23-CV-10-CWR-LGI |
| **JOSEPH VALANDRA,** *et al.*, | |
| *Defendants.* | |

## ORDER ON MOTION TO DISMISS

Clayton Wooley filed, then Jase Wilson, Michael Faloon, and Ready.net, Inc. joined in, a request to dismiss the claims brought by Tribal Communications, LLC for lack of standing. Docket No. 251 and Docket No. 255 (joining the motion). Movant conflates Article III standing with capacity to sue. Because no defect in constitutional standing is present, the motion is denied.

## Legal Standards

"Standing of the constitutional variety—the well-known injury, causation, and redressability trifecta—is a question of subject matter jurisdiction." *Norris v. Causey*, 869 F.3d 360, 366 (5th Cir. 2017) (citing *Sprint Commc'ns. Co. v. APCC Servs. Inc.*, 554 U.S. 269, 273 (2008)). "A problem with subject matter jurisdiction cannot be waived." *Id.* at 367 (citation modified).

"A challenge to Plaintiff's capacity to bring suit is distinct from a challenge to the Court's subject matter jurisdiction." *Linsan, Inc. v. Mercantile Thrift Stores, Inc.*, No. 4:20-CV-04343, 2023 WL 3698551, at *1 (S.D. Tex. Mar. 2, 2023) (citations omitted). "Capacity is a

party's legal authority to go into court and prosecute or defend a suit, whereas standing is a party's justiciable interest in the suit and is a component of subject matter jurisdiction." *Greener v. Cadle Co.*, 298 B.R. 82, 87-88 (N.D. Tex. 2003) (citation omitted). "The distinction [between standing and capacity] is important because objections to capacity may be waived if not timely asserted, but objections to standing are jurisdictional in nature and can be raised at any time." *Bankston v. Burch*, 27 F.3d 164, 167 (5th Cir. 1994).

## Discussion

The confusion begins with Movant's focus on claims, rather than parties. Movant asserts that there exists "no Article III standing for the claims attributed to Tribal Communications, LLC." Docket No. 252 at 1. Standing belongs to a party, not their claims. *See, e.g.*, *Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("In essence the question of standing is whether *the litigant* is entitled to have the court decide the merits of the dispute or of particular issues.") (emphasis added); *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997) (noting that jurisdiction is absent, "unless a case or controversy is presented by *a party with standing*") (emphasis added). Adjusting the analysis to focus on Tribal Communications, plainly reveals that standing exists in this case.

Standing has three familiar elements: injury, causation, and redressability. *See, e.g.*, *Bennett v. Spear*, 520 U.S. 154, 167 (1997) (noting that "standing requires: (1) that the plaintiff have suffered an injury in fact . . . (2) that there be a causal connection between the injury and the conduct complained of . . . and (3) that it be likely . . . that the injury will be redressed by a favorable decision") (citation omitted). Tribal Communications suffered injury from the alleged corporate theft perpetrated by Defendants, and that injury can be redressed by an award of money damages. Movant has not challenged that Tribal Communications lacks any

of these elements of standing. Instead, Movant argues that Tribal Communications did not authorize this suit to be filed in its name. Despite Movant's characterization to the contrary, his motion brings an attack on capacity.

The thrust of Mr. Wooley's motion is that, at the time this suit commenced, Tribal Communications had not authorized or approved the filing of this action. *See, e.g.*, Docket No. 252 at 1 ("Because Davis lacked authority at time of filing, there is no standing for Tribal Communications' claims."). This is an attack on Tribal Communications' capacity to bring suit. Another court in this circuit recently considered a similar challenge. The court in *Linsan, Inc. v. Mercantile Thrift Stores, Inc.* was presented with argument that "Plaintiff did not have the authority to pursue this lawsuit because the majority of the company's two person-board of directors did not approve the filing or continuation of this lawsuit." 2023 WL 3698551, at *1. In that case, the court noted that such an argument turned on "whether Plaintiff had the capacity to sue Defendant." *Id.*, at *1. The same is true here. Whether Tribal Communications authorized Mr. Davis or anyone else to file this action is an attack on Tribal Communications' capacity to bring this suit.

Movant and those that join in his motion waived the right to object to Tribal Communications' capacity, by failing to plead it as a defense in this action. "The failure to plead lack of capacity waives the right to object." *Ralston Oil & Gas Co. v. Gensco, Inc.*, 706 F.2d 685, 692 (5th Cir. 1983) (citations omitted); *see also Linsan*, 2023 WL 3698551, at *1 ("Specifically, when a defendant fails to assert the defense 'by motion prior to answer or in the answer itself, defendant must be held to have waived its objection.'") (quoting *Young v. Pattridge*, 40 F.R.D. 376, 379 (N.D. Miss. 1966)). Mr. Wooley, Mr. Wilson, Mr. Faloon, and Ready.net, Inc. did not plead lack of capacity in their Answer to the Amended Complaint,

3

Docket No. 59, or in their Amended Answer to the Amended Complaint, Docket No. 216. Nor did they challenge Tribal Communications' capacity in any pre-answer motion. By failing to do so, they waived their right to object to Tribal Communications' capacity.[1]

Even if Mr. Wooley and those that join in his motion had preserved the issue, the facts demonstrate that Tribal Communications has cured any defect in its capacity that existed at the time of filing. "The law of the state in which a business entity is organized applies to determine whether an action is filed with proper corporate authority." *In re Smith*, 582 B.R. 417, 421 (N.D. Miss. 2017) (citation omitted). Tribal Communications was "formed as a Mississippi limited liability company under and pursuant to the provisions of the Revised Mississippi Limited Liability Company Act[.]" Docket No. 256-1 at 6. "The type of corporate authority required to bring an action is governed by the applicable operating agreement and the Revised Limited Liability Company Act." *In re Smith*, 582 B.R. at 422 (citing *Bluewater Logistics, LLC v. Williford*, 55 So. 3d 148, 159 (Miss. 2011)). The Board of Managers ratified Tribal Communications' filing suit. Docket No. 251-4. Movant does not argue that this ratification was ineffective under the operating agreement or the Revised Mississippi Limited Liability Company Act; instead, he merely claims that ratification cannot cure a standing defect. *See generally* Docket Nos. 252 and 257. As noted above, no such standing defect exists. Ratification can cure a capacity defect. *See In re Smith*, 582 B.R. at 422 (finding that under Mississippi law, a limited liability company could ratify the decision to file an adversary

---

[1] *See Linsan*, 2023 WL 3698551, at *1 ("Defendant raised this issue for the first time at the Motion for Summary Judgment stage. Defendant did not challenge Plaintiff's capacity in its answer to Plaintiff's Second Amended Complaint [] or in any pre-answer motion. The Court must therefore conclude that Defendant waived its right to challenge whether Plaintiff has the legal authority to bring suit[.]"). Here it is even worse for Movant as this motion was presented to the Court on the eve of trial *after* the Court ruled on the motions for summary judgment. There is no question that the argument is waived.

proceeding and noting that "ratification relates back to the date of the corporate action being ratified.") (citing *Jowett v. Scruggs*, 901 So. 2d 638, 644 (Miss. Ct. App. 2004)). To the extent that the Board's ratification was consistent with the operating agreement and the Revised Mississippi Limited Liability Company Act, which no party has challenged, ratification has cured the capacity defect that existed here.

For these reasons, Mr. Wooley's motion, Docket No. 251, is denied.

**SO ORDERED**, this the 20th day of November 2025.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE